Amaro v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-142-CR

     LAWRENCE AMARO,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 179th District Court
Harris County, Texas
Trial Court # 665,367
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal by defendant Amaro from his conviction for aggravated assault, enhanced
by two prior felony convictions, for which he was assessed forty years in the Institutional Division
of the Texas Department of Criminal Justice.
      Defendant was indicted for aggravated assault, enhanced by two prior felony convictions. He
pled not guilty but was found guilty by the jury. He pled "true" to the enhancement allegations
and requested the court to assess punishment. The court found the enhancement allegations "true"
and assessed his punishment at confinement for forty years.
      Defendant appeals on one point: "The evidence at trial was insufficient to sustain his
conviction."
      On May 26, 1993, complainant Saldana, a taxi driver, drove two fares to the north side of
Houston. He took the fares' luggage to their door and then walked back toward his cab. 
Defendant approached him from the street and said, "Do you have a problem?" Saldana answered
that he did not. Defendant, coming closer, repeated his question several times. Each time Saldana
answered, "No." Defendant then grabbed Saldana by the shirt. Saldana pulled away and got into
his cab. While inside the cab, Saldana picked up the cab microphone to call his dispatcher so that
the dispatcher could call the police. Defendant then pulled out a pistol and pointed it at Saldana
and threatened, "Get it and I'll kill you." Defendant then hit Saldana in the face with his hand
while holding the gun in his other hand. Defendant then put the gun in his waistband and walked
away. Defendant went up to other persons and harassed them. Saldana called his dispatcher to
call the police. The police later arrived and arrested defendant.
      Defendant concedes there was sufficient evidence to support a finding of assault. He contests
the finding that he used a gun during the commission of the offense. He testified that he did not
have a gun and offered a demonstration intending to prove that the pants he wore could not hold
the pistol. He further testified that he was wearing the same pants he wore during the alleged
assault. He then placed a pistol in his waistband and walked around the courtroom. The pants
held up the pistol and thus the demonstration backfired on the defendant.
      Challenges to the sufficiency of the evidence should be reviewed in the light most favorable
to the prosecution. Jackson v. Virginia, S.Ct., 443 U.S. 307, 319; Butler v. State, (Tex. Crim.
App.) 769 S.W.2d 234, 239. The reviewing court should determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt. Butler,
supra. 
      Reconciliation of conflicts and contradictions in the evidence is within the province of the
jury. Such conflicts should not result in a reversal if there is enough credible testimony to support
the conviction. Losoda v. State, (Tex. Crim. App.) 721 S.W.2d 305, 309.
      In this case Saldana testified that defendant pointed a gun at him during the assault. Defendant
testified he did not have a gun. Defendant has not shown why Saldana's testimony was not
credible and should not have been accepted by the jury. A rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.
      Defendant's point is overruled. The judgment is affirmed.
 
                                                                                     FRANK G. McDONALD
                                                                                     Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed January 26, 1994
Do not publish